IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:19-CV-373-D

| | |
|---|---|
| KENNETH S. CANNON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| WAL-MART ASSOCIATES, INC., and ) | |
| WAL-MART STORES EAST, L.P., ) | |
| ) | |
| Defendants. ) | |

On August 27, 2019, Kenneth S. Cannon ("Cannon" or "plaintiff") filed a complaint against Wal-Mart Associates, Inc. and Wal-Mart Stores East, L.P. (collectively, "Wal-Mart" or "defendants") alleging claims under the Family and Medical Leave Act, 29 U.S.C. §§ 2601 et seq. ("FMLA"), the Americans with Disabilities Act, 42 U.S.C. §§ 12101 et seq. ("ADA"), and the Employee Retirement Income Security Act, 29 U.S.C. §§ 1001 et seq. ("ERISA"). See Compl. [D.E. 1]. On September 14, 2020, Wal-Mart moved to dismiss the complaint and to disqualify Emanuel & Dunn from representing the bankruptcy estate and trustee, [D.E. 27], and filed a memorandum and exhibits in support [D.E. 28]. On the same date, Cannon moved for extension of time to complete discovery and for additional depositions, [D.E. 29], and the next day filed a memorandum in support [D.E. 30]. On September 29, 2020, Wal-Mart moved to dismiss the action for failure to join the real party in interest [D.E. 31]. The same day, Wal-Mart filed a combined memorandum in support and response in opposition to Cannon's motion for extension of time to complete discovery and for additional depositions [D.E. 32]. On October 5, 2020, Cannon responded in opposition to Wal-Mart's motion to dismiss and to disqualify [D.E. 33]. On October 15, 2020, Wal-Mart moved for

summary judgment [D.E. 34] and filed a memorandum in support [D.E. 35], a statement of material facts [D.E. 36], and an appendix [D.E. 37–43]. On October 19, 2020, Wal-Mart replied to Cannon's response in opposition to Wal-Mart's motion to dismiss and to disqualify [D.E. 45]. On October 20, 2020, Cannon responded in opposition to the motion to dismiss for failure to join the real party in interest [D.E. 46]. On November 3, 2020, Wal-Mart replied [D.E. 47]. On November 5, 2020, Cannon responded in opposition to Wal-Mart's motion for summary judgment [D.E. 48] and filed a statement of material facts and exhibits [D.E. 49]. On December 3, 2020, Wal-Mart replied [D.E. 51] and responded to Cannon's statement of material facts [D.E. 52] and filed an appendix [D.E. 53]. On the same date, Wal-Mart moved to exclude the expert testimony of Laura Juel [D.E. 54] and filed an exhibit [D.E. 54-1] and a memorandum in support [D.E. 55]. On December 23, 2020, Cannon responded in opposition [D.E. 56]. On January 14, 2021, Wal-Mart replied [D.E. 59].

As explained below, the court grants in part Wal-Mart's motion to dismiss for lack of subject-matter jurisdiction and failure to state a claim, grants Wal-Mart's motion to dismiss for failure to join the real party in interest, grants in part Wal-Mart's motion for summary judgment on the issue of judicial estoppel and denies as moot the remainder of the motion, denies as moot Wal-Mart's motions to disqualify Emanuel & Dunn and to exclude Laura Juel's expert testimony, and denies as moot Cannon's motion for extension of time for discovery and for additional depositions.

I.

Cannon's claims concern Wal-Mart's termination of Cannon's employment as a yard driver the day before Cannon planned to take leave for carpal tunnel release surgery. See Compl. ¶¶ 7–49. Wal-Mart employed Cannon at its distribution facility in Hope Mills, North Carolina. See id. ¶¶ 4–6. Cannon is a resident of Cumberland County, North Carolina. See id. ¶ 4. Wal-Mart Associates, Inc. is a Delaware corporation with its principal place of business in Arkansas. See id. ¶ 5. Wal-Mart

2

Stores East, L.P. is a Delaware corporation with its principal place of business in Arkansas. See id. ¶ 6.

Cannon alleges that Wal-Mart interfered with his FMLA rights when it terminated his employment the day before he planned to take medical leave (count one). See id. ¶¶ 53–59. Cannon alleges that Wal-Mart retaliated against Cannon for taking FMLA leave (count two). See id. ¶¶ 60–66. Cannon alleges that Wal-Mart violated the ADA through retaliation and discrimination when it terminated Cannon's employment for taking leave to correct a disability, namely, carpal tunnel syndrome (count three). See id. ¶¶ 61–79. Cannon alleges that Wal-Mart violated ERISA when it terminated his employment so as to deny him employee health benefits and short-term disability benefits for medical leave (count four). See id. ¶¶ 80–91. Cannon also claims attorney's fees under the FMLA, ERISA, and ADA (count five). See id. ¶¶ 92–94. Cannon seeks declaratory relief, equitable relief, compensatory, liquidated, and punitive damages, and attorney's fees. See id. at 13–14.

On June 4, 2020, Cannon filed for Chapter 7 bankruptcy in the United States Bankruptcy Court for the Eastern District of North Carolina (the "bankruptcy court"). See Voluntary Petition for Individuals Filing for Bankruptcy, In re Cannon, No. 20-02148-5-JNC (Bankr. E.D.N.C. June 4, 2020); [D.E. 28-2]. Cannon did not disclose this civil action on his initial bankruptcy schedule. See [D.E. 28-2] 11, 21.

On July 9, 2020, Wal-Mart's counsel discovered the bankruptcy petition and told Cannon's counsel, Emanuel & Dunn, that Cannon had filed for bankruptcy. See [D.E. 28-3] 3; [D.E. 36] ¶ 77. Emanuel & Dunn responded it was unaware of Cannon's bankruptcy filing. See [D.E. 28-3]. Emanuel & Dunn contacted Cannon's bankruptcy attorney, Jeremy Harn ("Harn"), about the Wal-Mart litigation. See [D.E. 33] 2. Harn was unaware of Cannon's civil action against Wal-Mart. See

3

id. On July 10, 2020, Cannon amended his bankruptcy schedule to disclose the civil action against Wal-Mart. See Amended Voluntary Petition for Individuals Filing for Bankruptcy, In re Cannon, No. 20-02148-5-JNC (Bankr. E.D.N.C. July 10, 2020); [D.E. 33-1]; cf. [D.E. 49] ¶ 77. Cannon listed the lawsuit as an exempt personal injury action. See [D.E. 33-1] 17.

On July 15, 2020, Cannon's counsel emailed the bankruptcy trustee, Richard D. Sparkman ("Sparkman," "bankruptcy trustee," or "trustee"), informing him of counsel's belief that counsel could not proceed with the present litigation absent Sparkman's request. See [D.E. 33-2] 4. Sparkman responded that Cannon's action was exempt as a personal injury action and that Cannon's amended petition properly and timely disclosed the claim. See id. at 3. Sparkman cautioned that he or the creditors could object to the personal injury exemption. See id. Sparkman forwarded the correspondence to Wal-Mart's counsel. See id. at 2–3. On July 27, 2020, Wal-Mart's counsel wrote to Sparkman arguing that exemption was improper. See id. at 2, 6–7.

On August 11, 2020, Wal-Mart tendered a settlement offer. See [D.E. 28-4] 2. On September 4, 2020, three days after the response deadline, Cannon's counsel rejected the offer and informed Wal-Mart that he "expect[ed] [to] soon be employed as Special Counsel to continue pursuit" of Cannon's civil action. [D.E. 28-5] 2. The same date, the bankruptcy trustee applied to employ Emanuel & Dunn as special counsel. See Application to Employ Special Counsel, In re Cannon, No. 20-02148-5-JNC (Bankr. E.D.N.C. Sept. 4, 2020). On September 30, 2020, the bankruptcy court granted Sparkman's request to employ Emanuel & Dunn as special counsel. See Order to Employ Special Counsel, In re Cannon, No. 20-02148-5-JNC (Bankr. E.D.N.C. Sept. 30, 2020). On the same date, the bankruptcy court discharged Cannon's debts. See Order of Discharge, In re Cannon, No. 20-02148-5-JNC (Bankr. E.D.N.C. Sept. 30, 2020).

On December 17, 2020, Sparkman filed a limited objection to Cannon's personal injury

4

exemption. See Trustee's Limited Objection to Exemptions, In re Cannon, No. 20-02148-5-JNC (Bankr. E.D.N.C. Dec. 17, 2020). On December 23, 2020, the bankruptcy court authorized Cannon's exemption in the present case "save and except the sum of $10,072.39 to be paid to the Trustee from the net recovery, if any." [D.E. 58] 2. The bankruptcy court noted that "[t]he Trustee has an interest in the Walmart litigation to the extent any recovery is determined not to be in the nature of personal injury or exceeds allowable exemptions." Id.

II.

A motion to dismiss under Rule 12(b)(6) tests the complaint's legal and factual sufficiency. See Ashcroft v. Iqbal, 556 U.S. 662, 677–80 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 554–63 (2007); Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 566 U.S. 30 (2012); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008). To withstand a Rule 12(b)(6) motion, a pleading "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Iqbal, 556 U.S. at 678 (quotation omitted); see Twombly, 550 U.S. at 570; Giarratano, 521 F.3d at 302. In considering the motion, the court must construe the facts and reasonable inferences "in the light most favorable to [the nonmoving party]." Massey v. Ojaniit, 759 F.3d 343, 352 (4th Cir. 2014) (quotation omitted); see Clatterbuck v. City of Charlottesville, 708 F.3d 549, 557 (4th Cir. 2013), abrogated on other grounds by Reed v. Town of Gilbert, 576 U.S. 155 (2015). A court need not accept as true a complaint's legal conclusions, "unwarranted inferences, unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302 (quotation omitted); see Iqbal, 556 U.S. at 678–79. Rather, a plaintiff's factual allegations must "nudge[] [his] claims," Twombly, 550 U.S. at 570, beyond the realm of "mere possibility" into "plausibility." Iqbal, 556 U.S. at 678–79.

When evaluating a motion to dismiss, a court considers the pleadings and any materials

5

"attached or incorporated into the complaint." E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc., 637 F.3d 435, 448 (4th Cir. 2011); see Fed. R. Civ. P. 10(c); Goines v. Valley Cmty. Servs. Bd., 822 F.3d 159, 165–66 (4th Cir. 2016); Thompson v. Greene, 427 F.3d 263, 268 (4th Cir. 2005). A court also may consider a document submitted by a moving party if it is "integral to the complaint and there is no dispute about the document's authenticity" without converting the motion into one for summary judgment. Goines, 822 F.3d at 166. "[I]n the event of conflict between the bare allegations of the complaint and any exhibit attached . . . , the exhibit prevails." Id. (quotation omitted); see Fayetteville Invs. v. Com. Builders, Inc., 936 F.2d 1462, 1465 (4th Cir. 1991). Additionally, a court may take judicial notice of public records. See, e.g., Fed. R. Evid. 201; Tellabs, Inc. v. Makor Issues & Rts., Ltd., 551 U.S. 308, 322 (2007); Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009).

A motion to dismiss under Rule 12(b)(1) tests subject-matter jurisdiction, which is the court's "statutory or constitutional power to adjudicate the case." Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 89 (1998) (emphasis omitted); see Holloway v. Pagan River Dockside Seafood, Inc., 669 F.3d 448, 453 (4th Cir. 2012); Constantine v. Rectors & Visitors of George Mason Univ., 411 F.3d 474, 479–80 (4th Cir. 2005). A federal court "must determine that it has subject-matter jurisdiction over [a claim] before it can pass on the merits of that [claim]." Constantine, 411 F.3d at 479–80. In making that determination, the court "may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." Velasco v. Gov't of Indon., 370 F.3d 392, 398 (4th Cir. 2004); see Al Shimari v. CACI Premier Tech., Inc., 840 F.3d 147, 154 (4th Cir. 2016); In re KBR, Inc., Burn Pit Litig., 744 F.3d 326, 333 (4th Cir. 2014); Williams v. United States, 50 F.3d 299, 304 (4th Cir. 1995). Plaintiff, as the party asserting that this court has subject-matter jurisdiction over the claims, must prove that subject-matter jurisdiction exists. See, e.g., Steel

6

Co., 523 U.S. at 103–04; Evans v. B.F. Perkins Co., 166 F.3d 642, 647 (4th Cir. 1999); Richmond, Fredericksburg & Potomac R.R. v. United States, 945 F.2d 765, 768 (4th Cir. 1991).

Summary judgment is appropriate when, after reviewing the record as a whole, the court determines that no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(a); Scott v. Harris, 550 U.S. 372, 378, 380 (2007); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247–48 (1986). The party seeking summary judgment must initially demonstrate the absence of a genuine issue of material fact or the absence of evidence to support the nonmoving party's case. See Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). Once the moving party has met its burden, the nonmoving party may not rest on the allegations or denials in its pleading, see Anderson, 477 U.S. at 248–49, but "must come forward with specific facts showing that there is a genuine issue for trial." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (emphasis and quotation omitted). A trial court reviewing a motion for summary judgment should determine whether a genuine issue of material fact exists for trial. See Anderson, 477 U.S. at 249. In making this determination, the court must view the evidence and the inferences drawn therefrom in the light most favorable to the nonmoving party. See Harris, 550 U.S. at 378.

A genuine issue of material fact exists if there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. See Anderson, 477 U.S. at 249. "The mere existence of a scintilla of evidence in support of plaintiff's position [is] insufficient . . . ." Id. at 252; see Beale v. Hardy, 769 F.2d 213, 214 (4th Cir. 1985) ("The nonmoving party, however, cannot create a genuine issue of material fact through mere speculation or the building of one inference upon another."). Only factual disputes that affect the outcome under substantive law properly preclude summary judgment. See Anderson, 477 U.S. at 248.

7

III.

Initially, the court considers whether Cannon has standing to bring these claims. "Standing is a threshold jurisdictional question which ensures that a suit is a case or controversy appropriate for the exercise of the courts' judicial powers . . . . The core goal of the standing inquiry is to ensure that a plaintiff bringing an action has enough of a stake in the case to litigate it properly." Pye v. United States, 269 F.3d 459, 466 (4th Cir. 2001); see Steel Co., 523 U.S. at 102; Vinal v. Fed. Nat'l Mortg. Ass'n, 131 F. Supp. 3d 529, 536 (E.D.N.C. 2015).

Wal-Mart argues that Cannon's claims remain the property of the bankruptcy estate and that only the bankruptcy trustee has standing to pursue the claims. See [D.E. 28] 6–7; see also [D.E. 35] 25–26. Cannon responds that he has standing because North Carolina law exempts this civil action from the bankruptcy estate as a personal injury action. See [D.E. 33] 4–7. Wal-Mart replies that Cannon cannot recover for personal injuries under four of his five claims. See [D.E. 45] 3–6.

Filing a Chapter 7 bankruptcy petition creates a bankruptcy estate, and "all property of the debtor is included in the bankrupt estate, including exempt property. After the property comes into the estate, then the debtor is permitted to exempt it . . . and the court will have jurisdiction to determine what property may be exempted and what remains as property of the estate." Tignor v. Parkinson, 729 F.2d 977, 980 (4th Cir. 1984) (quotation omitted), superseded by statute on other grounds by Va. Code Ann. § 34-28.1; see 11 U.S.C. §§ 301–03, 541(a). The bankruptcy estate consists of, among other things, "all legal or equitable interests of the debtor in property as of the commencement of the [bankruptcy] case." 11 U.S.C. § 541(a)(1). "The scope of [section 541(a)] is broad. It includes all kinds of property, including tangible or intangible property [and] causes of action." Tignor, 729 F.2d at 980 (quotation omitted); see In re Bogdan, 414 F.3d 507, 512 (4th Cir. 2005); In re Cottrell, 876 F.2d 540, 542–43 (6th Cir. 1989); Vinal, 131 F. Supp. 3d at 537;

8

Robertson v. Flowers Baking Co. of Lynchburg, LLC, No. 6:11-cv-00013, 2012 WL 830097, at *3 (W.D. Va. Mar. 6, 2012) (unpublished), aff'd, 474 F. App'x 242 (4th Cir. 2012) (per curiam) (unpublished); In re Hamlett, 304 B.R. 737, 740–41 (Bankr. M.D.N.C. 2003). The estate's property includes contingent and unliquidated claims, and debtors have an affirmative, continuing duty to disclose them to the bankruptcy court. See In re Coastal Plains, Inc., 179 F.3d 197, 207–08 (5th Cir. 1999).

"Property of the estate includes all of the debtor's interest in any cause of action that has accrued prior to the bankruptcy petition. And 'all,' 11 U.S.C. § 541(a)(1), means 'all.'" Miller v. Pac. Shore Funding, 287 B.R. 47, 50 (D. Md. 2002) (citation omitted), aff'd, 92 F. App'x 933 (4th Cir. 2004) (per curiam) (unpublished); see Sain v. HSBC Mortg. Servs., Inc., C.A. No. 4:08-2856-TLW-TER, 2009 WL 2858993, at *5 (D.S.C. Aug. 28, 2009) (unpublished). Moreover, "[p]roperty of the debtor does not escape the bankruptcy estate merely because the debtor is unaware of its existence." Miller, 287 B.R. at 50; see In re Coastal Plains, 179 F.3d at 208 ("The debtor need not know all the facts or even the legal basis for the cause of action; rather, if the debtor has enough information . . . prior to confirmation to suggest that it may have a possible cause of action, then that is a 'known' cause of action such that it must be disclosed." (quotation omitted)); United States ex rel. Saidiani v. NextCare, Inc., No. 3:11CV141, 2014 WL 4672417, at *2–4 (W.D.N.C. Sept. 18, 2014) (unpublished). Likewise, a cause of action that a debtor never disclosed to the bankruptcy court is considered property of the estate and belongs to the bankruptcy trustee at filing. See Robertson, 2012 WL 8300097, at *4; Sain, 2009 WL 2858993, at *5.

When a debtor files a bankruptcy petition, the debtor surrenders to the bankruptcy trustee the right to control the estate, including legal claims. See 11 U.S.C. § 323; In re Richman, 117 F.3d 1414, 1997 WL 360644, at *1 (4th Cir. 1997) (per curiam) (unpublished table decision); Robertson,

9

2012 WL 830097, at *4. "If a cause of action is part of the estate of the bankrupt then the trustee alone has standing to bring that claim." Nat'l Am. Ins. Co. v. Ruppert Landscaping Co., 187 F.3d 439, 441 (4th Cir. 1999); see Wilson v. Dollar Gen. Corp., 717 F.3d 337, 342 (4th Cir. 2013); Steyr-Daimler-Puch of Am. Corp. v. Pappas, 852 F.2d 132, 136 (4th Cir. 1988); Robertson, 2012 WL 830097, at *4; Evans v. Allied Air Enters., Inc., C/A No. 5:10-2029-MBS, 2011 WL 4548307, at *2 (D.S.C. Sept. 30, 2011) (unpublished); In re Fam. Dollar FLSA Litig., No. 3:08 MD 1932, 2009 WL 1750908, at *5 (W.D.N.C. June 19, 2009) (unpublished). Thus, until the trustee abandons the action or the bankruptcy court declares the action exempt from creditor claims, the debtor cannot proceed with the action in district court. See Steyr-Daimler-Puch, 852 F.2d at 136; Nat'l Am. Ins. Co., 187 F.3d at 441; Vinal, 131 F. Supp. 3d at 537; Evans, 2011 WL 4548307, at *2; Sain, 2009 WL 2858993, at *4-5; In re Hamlett, 304 B.R. at 740-41; Miller, 287 B.R. at 50-51.

"A debtor shall list the property claimed as exempt under § 522 of the [Bankruptcy] Code on the schedule of assets required to be filed by [Federal] Rule [of Bankruptcy Procedure] 1007." Fed. R. Bankr. P. 4003(a). A debtor may amend the schedule "as a matter of course at any time before the case is closed." Fed. R. Bankr. P. 1009(a); see Botkin v. DuPont Cmty. Credit Union, 650 F.3d 396, 398-99 (4th Cir. 2011). Absent exceptional circumstances, "a court ordinarily does not have discretion to deny leave to amend or to require a showing of good cause." Tignor, 729 F.2d at 978; see In re LoCurto, 239 B.R. 314, 316 (Bankr. E.D.N.C. 1999).

Cannon timely amended his bankruptcy petition to include the Wal-Mart litigation. See [D.E. 33-1]. In his amended petition, Cannon claimed the Wal-Mart litigation as property exempt from the bankruptcy estate with a value of zero dollars. See id. at 17.

"An asset is exempt from the bankruptcy estate if: (1) the debtor lists it as a claimed exemption; (2) no party in interest objects; and (3) a statute authorizes the exemption." Miller, 287

10

B.R. at 51; see 11 U.S.C. § 522(l); Musari v. Countrywide Home Loans, No. PWG-15-3028, 2016 U.S. Dist. LEXIS 101561, at *13 (D. Md. Aug. 3, 2016) (unpublished). "The bankruptcy code sets forth a list of items that a debtor may [] exempt from the property of the estate, but also permits each state to opt out of the federal scheme and to enact a set of exemptions for its own citizens." Musari, 2016 U.S. Dist. LEXIS 101561, at *13 (citation and quotation omitted).

> Under North Carolina law,
>
> a debtor is entitled to retain [the following] free of the enforcement of the claims of creditors:
> 
> ...
>
>> (8) Compensation for personal injury, including compensation from private disability policies or annuities, or compensation for the death of a person upon whom the debtor was dependent for support, but such compensation is not exempt from claims for funeral, legal, medical, dental, hospital, and health care charges related to the accident or injury giving rise to the compensation.

N.C. Gen. Stat. § 1C-1601(a)(8); see In re Thompson, 313 B.R. 683, 685 (Bankr. M.D.N.C. 2004). This exemption includes claims for bodily injury, mental anguish, and lost wages. See In re Cynthia Amelia Butler, Debtor, No. 20-50897, 2021 WL 3415032, at *3–5 (Bankr. M.D.N.C. July 20, 2021) (unpublished); In re Thompson, 313 B.R. at 685–86 ("In a personal injury action in North Carolina, an individual is entitled to recover the present worth of all damages naturally and proximately sustained in consequence of the injury, including lost wages."); In re LoCurto, 239 B.R. at 316–18. Section 1C-1601(a)(8) exempts personal injury claims seeking compensatory relief.

For Cannon to exempt his claims under the personal injury exemption, compensatory damages must be an available remedy for Cannon's claims. Cannon asserts claims for FMLA interference (count one), FMLA retaliation (count two), ADA retaliation and discrimination (count three), ERISA benefits (count four), and attorney's fees (count five). See Compl. ¶¶ 53–94.

The FMLA permits recovery of compensatory damages but not punitive damages or claims

11

for emotional distress. See 29 U.S.C. § 2617(a)(1); Farrell v. Tri-Cnty. Metro. Transp. Dist., 530 F.3d 1023, 1025 (9th Cir. 2008) (collecting cases); Gray v. Am. Homepatient, Inc., C/A No. 2:14-1207-DCN-BM, 2014 WL 7965987, at *10 (D.S.C. Oct. 24, 2014) (unpublished), report and recommendation adopted, 2015 WL 892780 (D.S.C. Mar. 3, 2015) (unpublished); Alexander v. Carolina Fire Control Inc., No. 1:14CV74, 2014 WL 3729546, at *6 (M.D.N.C. July 25, 2014) (unpublished). The ADA permits recovery of compensatory damages for discrimination claims. See, e.g., Paulone v. City of Frederick, 787 F. Supp. 2d 360, 391 n.39 (D. Md. 2011) (collecting cases). The ADA, however, does not permit "compensatory and punitive damages" for an ADA retaliation claim. Kramer v. Banc of Am. Secs., LLC, 355 F.3d 961, 965 (7th Cir. 2004); see Bowles v. Carolina Cargo, Inc., 100 F. App'x 889, 890 (4th Cir. 2004) (per curiam) (unpublished) ("an ADA retaliation claimant is limited to equitable relief" (citation omitted)); Rhoads v. F.D.I.C., 94 F. App'x 187, 188 (4th Cir. 2004) (per curiam) (unpublished). ERISA does not permit compensatory or punitive damages. See Mass. Mut. Life Ins. Co. v. Russell, 473 U.S. 134, 140–44 (1985).

On December 23, 2020, the bankruptcy court authorized Cannon's exemption in this case "save and except the sum of $10,072.39 to be paid to the Trustee from the net recovery, if any." [D.E. 58] 2. The bankruptcy court, however, noted that "[t]he Trustee has an interest in the Walmart litigation to the extent any recovery is determined not to be in the nature of personal injury or exceeds allowable exemptions." Id.

The personal injury exemption only exempts Cannon's claims to the extent Cannon can recover compensatory damages. Cannon can recover compensatory damages under his ADA discrimination and FMLA claims. See Farrell, 530 F.3d at 1025; Paulone, 787 F. Supp. 2d at 391 n.39. Cannon, however, also asserts claims for equitable relief under the FMLA, the ADA, and ERISA. See Compl. at 13. To the extent Cannon seeks equitable relief as opposed to compensatory

12

damages, his claims do not fall under the exemption. Furthermore, Cannon cannot recover compensatory damages under his ADA retaliation and ERISA claims; therefore, those claims fall outside the personal injury exemption.

Cannon only has standing to bring his FMLA claims and ADA discrimination claims to the extent that he seeks compensatory damages. These claims remain Cannon's property; therefore, Cannon has standing to bring them. However, Cannon's ERISA claim, ADA retaliation claim, ADA discrimination claim for equitable relief, and FMLA claims for equitable relief do not fall under the personal injury exemption. Therefore, they remain the property of the bankruptcy estate. Because the trustee controls the estate, only the trustee has standing to bring those non-exempt claims. Accordingly, Cannon lacks standing to bring his ERISA claim, ADA retaliation claim, ADA discrimination claim for equitable relief, or FMLA claim for equitable relief. Thus, the court lacks subject-matter jurisdiction to adjudicate those claims.

Furthermore, Wal-Mart argues that Cannon lacks standing because he failed to show that the trustee abandoned the claims. See [D.E. 45] 6–7. Under 11 U.S.C. § 554,

> (a) After notice and a hearing, the trustee may abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate.
>
> (b) On request of a party in interest and after notice and a hearing, the court may order the trustee to abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate.
>
> (c) Unless the court orders otherwise, any property scheduled under section 521(a)(1) of this title not otherwise administered at the time of the closing of a case is abandoned to the debtor and administered for purposes of section 350 of this title.

11 U.S.C. §§ 554(a)–(c); see Musari, 2016 U.S. Dist. LEXIS 101561, at *12.

The trustee has not abandoned the remaining claims. See [D.E. 45] 7; [D.E. 46] 11–12; [D.E. 47] 3. Nothing in the bankruptcy record indicates notice and a hearing showing the trustee

13

abandoned the remaining claims. See generally In re Cannon, No. 20-02148-5-JNC (docket); see Musari, 2016 U.S. Dist. LEXIS 101561, at *13 ("Upon review of the bankruptcy docket, ... [t]here was no notice and hearing that would satisfy abandonment."). Rather, the trustee agreed to exempt the remaining claims save for $10,072.39. See [D.E. 58] 2. Thus, the bankruptcy trustee has not abandoned the non-exempt claims that remain part of the bankruptcy estate. Accordingly, the court grants in part Wal-Mart's motion to dismiss, and dismisses Cannon's ERISA claim, ADA retaliation claim, and ADA discrimination and FMLA claims to the extent they seek equitable relief.

IV.

The doctrine of "[j]udicial estoppel precludes a party from adopting a position that is inconsistent with a stance taken in prior litigation. The purpose of the doctrine is to prevent a party from playing fast and loose with the courts, and to protect the essential integrity of the judicial process." Lowery v. Stovall, 92 F.3d 219, 223 (4th Cir. 1996) (quotation omitted). Judicial estoppel applies when:

> (1) the party to be estopped . . . advanc[es] an assertion that is inconsistent with a position taken during previous litigation; (2) the position [is] one of fact instead of law; (3) the prior position must have been accepted by the court in the first proceeding; and (4) the party to be estopped must have acted intentionally, not inadvertently.

Folio v. City of Clarksburg, 134 F.3d 1211, 1217–18 (4th Cir. 1998); see Lowery, 92 F.3d at 224.

Wal-Mart argues that judicial estoppel bars Cannon's claims against Wal-Mart. See [D.E. 35] 24–25. In support, Wal-Mart notes that Cannon initially failed to disclose the Wal-Mart litigation to the bankruptcy court, that Cannon only disclosed the Wal-Mart litigation when Wal-Mart's attorneys raised the issue to his counsel, and that Cannon disclosed the value of this litigation as zero dollars, contradicting his verified interrogatory response in this case. See id. at 24. Cannon responds that his statements are not inconsistent and that the value of the Wal-Mart litigation is

14

contingent. See [D.E. 48] 14–15.

As for Cannon's inconsistent valuation of the action, judicial estoppel bars Cannon's remaining claims. When a debtor represents a valueless claim to the bankruptcy court but represents value to the district court, he asserts inconsistent positions. See Peterson v. SCIS Air Sec. Corp., No. 2:16-cv-849-DS, 2018 WL 3336600, at *3–4 (D. Utah July 6, 2018) (unpublished); Bone v. Taco Bell of Am., LLC, 956 F. Supp. 2d 872, 881 (W.D. Tenn. 2013) (barring a claim where the debtor listed pending litigation as worth zero dollars in her bankruptcy schedule but valued the same claim at $500,000 in her complaint); cf. Queen v. TA Operating, LLC, 734 F.3d 1081, 1088–90 (10th Cir. 2013). Here, Cannon adopted inconsistent positions when he listed his claims as worth zero dollars in his bankruptcy petition but stated that his claims were worth no less than $64,323.95 in his verified interrogatory response in this case. Compare Amended Voluntary Petition for Individuals Filing for Bankruptcy at 13, In re Cannon, No. 20-02148-5-JNC with [D.E. 37] 518. Whether a claim has value is a question of fact, not law. The bankruptcy court accepted Cannon's zero dollar valuation when it discharged Cannon's debts. See Bone, 956 F. Supp. 2d at 881–82. Cannon's omission did not result from mistake or inadvertence. Cannon knew his claims in this action were valuable, but he stood to benefit in the bankruptcy case from concealing that value from the bankruptcy court and his creditors. See id. at 882–86; cf. Taylor v. DLI Props., LLC, No. 15-13777, 2019 WL 1057363, at *5 (E.D. Mich. Mar. 6, 2019) (unpublished). That Cannon's claims lacked a precise monetary value until adjudicated does not amount to inadvertence. See Bone, 956 F. Supp. 2d at 882; cf. Peterson, 2018 WL 3336600, at *3. Accordingly, judicial estoppel bars Cannon's remaining FMLA and ADA discrimination claims.

V.

"[T]o the extent that Plaintiff's claims are the property of the bankruptcy estate, judicial

15

estoppel does not apply to prevent the Trustee from pursuing Plaintiff's claims." Evans, 2011 WL 4548307, at *4; cf. Auday v. Wet Seal Retail, Inc., 698 F.3d 902, 905 (6th Cir. 2012) ("It is by no means clear that the doctrine of judicial estoppel applies when a trustee brings a claim."); Reed v. City of Arlington, 650 F.3d 571, 574–75 (5th Cir. 2011) (en banc); Biesek v. Soo Line R.R. Co., 440 F.3d 410, 413 (7th Cir. 2006). Cannon's non-exempt ADA retaliation claim, ERISA claim, and FMLA and ADA discrimination claims for equitable relief remain the property of the bankruptcy estate. Thus, the court evaluates Wal-Mart's motion to dismiss the action for failure to join the real party in interest, namely, the trustee. See [D.E. 31].

Wal-Mart argues that the bankruptcy trustee is the real party in interest and that the court should dismiss the action because the trustee has made no effort to join the action. See [D.E. 32] 4. Cannon responds that he is the real party in interest. Alternatively, Cannon argues that the trustee ratified this action by employing special counsel. See [D.E. 46] 9–11. Wal-Mart replies that employing special counsel does not constitute ratification. See [D.E. 47] 2–3.

"An action must be prosecuted in the name of the real party in interest." Fed. R. Civ. P. 17(a)(1). Because Cannon's non-exempt claims "belong to the bankruptcy estate, the Trustee is the real party in interest." Nicholas v. Green Tree Servicing, LLC, 173 F. Supp. 3d 250, 257 (D. Md. 2016). "The court may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action." Fed. R. Civ. P. 17(a)(3). "[B]efore dismissing a case because the plaintiff's claims belong to the bankruptcy estate, a court must first consider whether there has been reasonable time for the trustee to ratify, join, or be substituted into the action, and whether the plaintiff's decision to pursue the action directly was the result of an understandable mistake." Nicholas, 173 F. Supp. 3d at 257. Ratification requires the ratifying party to "(1)

16

authorize continuation of the action and (2) agree to be bound by its result." Auday v. Wetseal Retail, Inc., No. 1:10-CV-260, 2013 WL 2457717, at *7 (E.D. Tenn. June 6, 2013) (unpublished) (quotation omitted); see Wieburg v. GTE Sw. Inc., 272 F.3d 302, 307 (5th Cir. 2001); Icon Grp., Inc. v. Mahogany Run Dev. Corp., 829 F.2d 473, 478 (3d Cir. 1987).

The trustee did not ratify this action. A trustee does not ratify an action when he requests special counsel, the bankruptcy court approves special counsel, and the trustee allows the debtor to continue to pursue his claims without the trustee's participation. See Auday, 2013 WL 2457717, at *7. Here, the trustee requested the employment of special counsel. See Application to Employ Special Counsel, In re Cannon, No. 20-02148-5-JNC. In turn, the bankruptcy court approved the special counsel. See Order to Employ Special Counsel, In re Cannon, No. 20-02148-5-JNC. However, Cannon, not the trustee, continued to litigate the action. Moreover, the trustee has not moved to intervene and Cannon has not moved to substitute the trustee in the action. On September 29, 2020, Wal-Mart objected, see [D.E. 31], and ample time has passed for the trustee to join the action. The trustee has not. Furthermore, no evidence of mistake on Cannon's part exists. The trustee did not ratify the present action, and no basis for relief exists under Federal Rule of Civil Procedure 17(a)(3). Accordingly, the court grants Wal-Mart's motion to dismiss for failure to join the real party in interest and dismisses the non-exempt claims.[1]

## VI.

In sum, the court GRANTS IN PART Wal-Mart's motion to dismiss for lack of subject-matter jurisdiction and failure to state a claim [D.E. 27], GRANTS Wal-Mart's motion to dismiss for failure to join the real party in interest [D.E. 31], GRANTS IN PART Wal-Mart's motion for

---

[1] Because the court dismisses all of Cannon's substantive claims, Cannon's claim for attorney's fees fails.

17

summary judgment regarding judicial estoppel and DENIES AS MOOT the remainder of the motion [D.E. 34], DENIES AS MOOT Wal-Mart's motions to disqualify Emanuel & Dunn [D.E. 27] and to exclude Laura Juel's expert testimony [D.E. 54], and DENIES AS MOOT Cannon's motion for extension of time for discovery and for additional depositions [D.E. 29]. Wal-Mart may file a motion for costs in accordance with the Federal Rules of Civil Procedure and this court's local rules. The clerk shall close the case.

SO ORDERED. This 10 day of September, 2021.

JAMES C. DEVER III
United States District Judge