IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:19-CV-373-D

| | |
|---|---|
| KENNETH S. CANNON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER ON BILL OF COSTS** |
| ) | |
| WAL-MART ASSOCIATES, INC., and ) | |
| WAL-MART STORES EAST, L.P., ) | |
| ) | |
| Defendants. ) | |

This matter is before the clerk on the motion for bill of costs [DE-62] filed by defendants Wal-Mart Associates, Inc., and Wal-Mart Stores East, L.P. Plaintiff has not responded and the time for doing so has expired. For the reasons set forth below, the motion [DE-62] is GRANTED in part.

## BACKGROUND

Plaintiff initiated this action by filing a complaint in this court on August 27, 2019. On September 10, 2021, the court granted in part defendants' motion to dismiss for lack of subject-matter jurisdiction and failure to state a claim, granted defendants' motion to dismiss for failure to join the real party in interest, granted in part defendants' motion for summary judgment on the issue of judicial estoppel and denied as a moot the remainder of the motion, and denied as moot the parties' remaining motions [DE-60]. The clerk entered judgment in favor of defendants that same date [DE-61]. Defendants timely filed the motion for bill of costs [DE-62] on September 23, 2021.

## DISCUSSION

Defendants seek costs under Rule 54(d)(1) as the prevailing parties in this action. See Fed. R. Civ. P. 54(d)(1) ("Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party."). Federal courts may assess only those costs listed in 28 U.S.C. § 1920. See Arlington Cent. Sch. Bd. of Educ. v. Murphy, 548 U.S. 291, 301 (2006); Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 441-42 (1987), superseded on other grounds by statute, 42 U.S.C. § 1988. Local Civil Rule 54.1 "further refines the scope of recoverable costs." Earp v. Novartis Pharmaceuticals Corp., No. 5:11-CV-680-D, 2014 WL 4105678, at *1 (E.D.N.C. Aug. 19, 2014). In this case, defendants seek recovery of $5,363.66 in costs from plaintiff.

Specifically, defendants seek $2,709.91 for transcript costs, $153.75 in copying costs, and $2,500.00 in costs for witnesses. As to the transcript costs, fees for printed or electronically recorded transcripts necessarily obtained for use in the case may be taxed as costs. 28 U.S.C. § 1920(2). Defendants' request for fees for the deposition transcripts, however, include fees for exhibit copies. This court has construed 28 U.S.C. § 1920(2) and Local Civil Rule 54.1 as not encompassing these charges. See Dutton v. Wal-Mart Stores East, L.P., No. 4:11-CV-94-BO, 2015 WL 1643025, at *2 (E.D.N.C. March 13, 2015) ("In construing 28 U.S.C. § 1920 and Local Civil Rule 54.1, this court has also denied fees for copies of deposition exhibits, read and sign, rough drafts, litigation support packages, ASCII disks, shipping, handling and expedited processing."); Nwaebube v. Employ't Sec. Comm'n of N.C., No. 5:09-CV-395-F, 2012 WL 3643667, at *1 (E.D.N.C. Aug. 21, 2012) (disallowing costs of exhibit copies). Accordingly, defendants are entitled to costs in the amount of $2,698.41 for transcripts pursuant to § 1920(2).

2

Case 5:19-cv-00373-D Document 63 Filed 12/21/21 Page 2 of 4

Defendants also seek $153.75 in copy costs associated with obtaining medical records. These costs are taxed pursuant to § 1920(4). See Lawson v. Bethesda Lutheran Communities, Inc., No. 1:11-CV-228, 2012 WL 672544, at *2-3 (N.D. Ind. Dec. 28, 2012) (allowing the defendant's motion to recoup cost of printing and copying charges of medical records paid to third-party medical providers); Eberhart v. Novartis Pharm. Corp., 282 F.R.D. 697, 701 (N.D. Ga. 2012) (finding that the defendant was entitled to reimbursement of charges of medical provider to provide medical records).

Finally, defendants seek the expert witness fees charged by Lisa Juel. Under § 1920(3), a court may tax "fees and disbursements for printing and witnesses." "The witness fee specified in § 1920(3) is defined in 28 U.S.C. § 1821." Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 440 (1987). Section 1821(b) requires that "[a] witness shall be paid an attendance fee of $40 per day for each day's attendance." Defendants, however, seek the fees charged by Juel for attending a deposition: $2,500.00, for five hours of her time. This court has determined that such costs are not taxable under 1920(3) or § 1821 and are therefore disallowed. See Peterson v. Midgette, No. 2:12-CV-60-D, 2015 WL 7681257 at *4 (E.D.N.C. Nov. 25, 2015) (finding that a prevailing party was not entitled to recover the expert witness fees the party incurred, but only entitled to the statutorily mandated $40.00 per witness). Accordingly, defendants' request for witness fees is granted in part, and fees in the amount of $40.00 are taxed pursuant to 28 U.S.C. § 1920(3). The remainder of the requested costs is disallowed.

## CONCLUSION

In summary, defendants' motion for bill of costs [DE-62] is GRANTED in part. As the prevailing parties in this action, defendants Wal-Mart Associates, Inc., and Wal-Mart Stores East, L.P. are awarded (1) $2,698.41 in costs pursuant to § 1920(2), (2) $153.75 in costs pursuant to

3

§1920(4); and (3) $40.00 in costs pursuant to § 1920(3). Total costs in the amount of $2,892.16 are taxed against plaintiff and shall be included in the judgment.

SO ORDERED. This the 21 day of December, 2021.

Peter A. Moore, Jr.
Clerk of Court